**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE FIGUEROA, | Civil Action |
| Petitioner, | No. 24-9301 (CPO) |
| v. | **OPINION** |
| WARDEN THOMPSON, | |
| Respondent. | |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey.  He is proceeding *pro se* with a Third Amended Petition for Writ of Habeas Corpus (hereinafter "Petition") pursuant to 28 U.S.C. § 2241. (ECF No. 10).  For the reasons stated in this Opinion, the Court will dismiss the Petition with prejudice for lack of jurisdiction.

## I.    BACKGROUND

This case arises from Petitioner's challenges to his convictions and sentence.  Petitioner is currently serving a 175-month term of imprisonment for drug distribution and firearm related convictions.  *See United States v. Figueroa*, No. 19-cr-463, ECF No. 118 (E.D. Pa. March 15, 2022).  Petitioner argues that his federal convictions and sentence are invalid under double jeopardy grounds, because he was acquitted in state court regarding the same crimes. (ECF No. 10, at 7; ECF No. 16, at 2).

Petitioner filed his original petition in September of 2024, and the instant Petition on September 8, 2025.  On April 8, 2026, the Court ordered Petitioner to clarify the decisions he is challenging, (ECF No. 15), and on April 24, 2026, Petitioner filed his clarification letter, (ECF No. 16).

## II.    STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").  More specifically, a district court may summarily dismiss a petition when "it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (quoting Habeas Rule 4).

In making that determination, courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Courts must construe *pro se* habeas petitions and any supporting submissions liberally. *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010).

## III.    DISCUSSION

The Court must address the issue of jurisdiction as it appears that the Court lacks jurisdiction under § 2241 to hear the Petition.  Petitioner contends that his federal convictions and sentence are invalid under the Double Jeopardy Clause of the Fifth Amendment, because he was acquitted of the same crimes in state court. (ECF No. 10, at 7; ECF No. 16, at 2).

Generally, however, a person must challenge the validity of a federal conviction or sentence under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is because 28 U.S.C. § 2255 prohibits a district court from entertaining a challenge to a federal conviction or sentence

2

through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). More specifically, the "saving clause" in § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002). Rather, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539.

In *Jones*, the Supreme Court "sharply curtail[ed] the use of the saving[] clause for collateral attacks under § 2241," and limited its use to "the unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Parke v. Bergami*, No. 21-20385, 2023 WL 6619636, at *2 (D.N.J. Oct. 11, 2023) (quoting *Jones*, 599 U.S. at 474); *see also Polk v. Warden Allenwood FCI*, No. 19-3336, 2023 WL 8665979, at *2 (3d Cir. Dec. 15, 2023); *Ferguson v. Warden Fairton FCI*, No. 17-2819, 2023 WL 8295925, at *2 (3d Cir. Dec. 1, 2023). As an example, the Supreme Court explained that such circumstances include "the sentencing court's dissolution; [as] a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Jones*, 599 U.S. at 474; *see id*. at 504 (J. Jackson, dissenting) (explaining that the "impossible or impracticable" standard effectively limits the saving

3

clause to situations such as when the sentencing court "has burned to the ground or been carried away by a mudslide").  Additionally, "[t]he saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Jones*, 599 U.S. at 475 (internal quotation marks omitted).  Thus, post-*Jones*, the saving clause under § 2255(e) only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

Here, § 2255 is not inadequate or ineffective to raise Petitioner's double jeopardy challenges. *See, e.g.*, *United States v. White*, No. 21-2326, 2022 WL 1208162, at *1 (3d Cir. Apr. 25, 2022) (noting that double jeopardy claims "should be asserted via a § 2255 motion"); *Johnson v. Holt*, 331 F. App'x 906 (3d Cir. 2009) (explaining that § 2255 is not inadequate or ineffective to raise a double jeopardy claim); *Lozier v. Samuels*, No. 06-1242, 2006 WL 827862, at *3 (D.N.J. Mar. 28, 2006).

Nor has Petitioner otherwise met the "impossible or impracticable" standard to trigger the saving clause, *Jones*, 599 U.S. at 474, as his sentencing court, the United States District Court for the Eastern District of Pennsylvania, has not "burned to the ground or been carried away by a mudslide." *Id*. at 504 (J. Jackson, dissenting).  Accordingly, this Court lacks jurisdiction under § 2241 to consider the Petition.

When a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Court finds that it is not in the interest of justice to transfer the Petition to the Eastern District of Pennsylvania, as it appears that

that court has already denied Petitioner's double jeopardy claims. *See United States v. Figueroa*, No. 19-cr-463, ECF Nos. 156, 157 (E.D. Pa. March 15, 2022).

## IV.    CONCLUSION

For the reasons above, the Court will dismiss the Petition with prejudice for lack of jurisdiction.  An appropriate Order follows.

Dated:  July 8, 2026

/s/ Christine P. O'Hearn_____
**Christine P. O'Hearn**
**United States District Judge**